JIM REECE v. STATE.

No. A-5789. Opinion Filed Dec. 18, 1926.
(251 Pac. 506.)

E. E. Ammons, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county on a charge of arson in the second degree, and sentenced to serve a term of five years in the state penitentiary.

On the night of January 24, 1924, a residence house belonging to Sambo Monahawee was destroyed by fire. The house had been unoccupied for only two days. The fire was discovered about 2:30 to 3:00 a. m., and at daylight the owner and two officers made an investigation, and found human tracks going to near the burned building and leaving. These were tracked to the immediate vicinity of defendant's resi-

dence, and similar tracks were found about the residence. Defendant was arrested, and the shoes worn by him had certain marked peculiarities corresponding to the tracks leading to and leaving the place of the burned building. These shoes were fitted in the tracks, and the testimony is they exactly corresponded. On the night of the fire the defendant was at a dance some three miles from the scene of the fire. He was in an intoxicated condition, and left there about 2 a. m. He did not reach his home until the next morning. He testified that after leaving the dance he went to a place where whisky was being made, and stayed until morning. He had previously been convicted, and served a term for a felony. There was evidence of a state of ill will and motive on the part of defendant. The evidence was entirely circumstantial. There was no material conflict in the course of the trial other than defendant's testimony. No exceptions were taken to the court's charge. The only contention presented in the briefs is that the evidence is insufficient to sustain the verdict. Without going into the further details disclosed by the testimony, we believe there is sufficient evidence to sustain the verdict. No reason to disturb the judgment is apparent.

The case is affirmed.